CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
JAN 07 2008
JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 3:07CR00027 |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| JUSTIN MARCEL HARRIS, | ) | |
| | ) | |
| | ) | By:  B. WAUGH CRIGLER |
| Defendant. | ) | U.S. MAGISTRATE JUDGE |

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's consent, this case was referred to the undersigned to conduct a plea hearing.

**DEFENDANT'S RESPONSES TO RULE 11 INQUIRY**

The Grand Jury has returned an Indictment charging defendant in Count One with unlawfully, knowingly and intentionally distributing and possessing with intent to distribute, and did aid and abet in the distribution and possession with intent to distribute, a quantity of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) & (b)(1)(C), and Title 18, United States Code, Section 2; and in Count Two with knowing that an offense against the United States had been committed, to wit: a person who, during and in relation to any crime of violence or a drug trafficking crime for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, and who, in the course of said use or possession, causes the death of a person through the use of a firearm, in violation of Title 18, United States Code, Sections 924(c) & (j), did receive, relieve, comfort and assist the offender, a juvenile, in order to hinder and prevent the offender's apprehension, trial or punishment, in violation of Title 18, United States Code, Section 3.

On December 21, 2007, a plea hearing was conducted before the undersigned, and the defendant entered a plea of guilty to Counts One and Two of the Indictment. At this hearing the defendant was placed under oath and testified that his full legal name is Justin Marcel Harris, he was born on September 6, 1986, and he has a GED. The defendant stated that he can read, write, and understand the English language. The defendant stated that he was fully aware of the nature of the charges against him and the consequence of pleading guilty to those charges. The defendant further testified that he was not under the influence of alcohol, medicine, or any drug. The defendant stated that he had no other physical or mental condition which impaired his ability to understand the nature of the proceedings being held. The defendant's counsel stated that he had no reservations as to his competency to enter a plea of guilty to the offenses.

The defendant testified that he had received a copy of the Indictment pending against him and that he had fully discussed the charges therein, and his case in general, with his counsel. The defendant stated that he was pleading guilty of his own free will because he was, in fact, guilty of the offenses charged. The defendant also stated that no one had made any promises, assurances, or threats in an effort to induce his plea. The defendant testified that he understood that the offenses with which he is charged in Counts One and Two are felonies and that, if his plea is accepted, he will be adjudged guilty of those offenses. Moreover, the defendant testified that he understood that he will be required to pay a mandatory assessment of $200, and at the discretion of the court, he may also be denied federal benefits for a period of years or indefinitely. The defendant stated that he understood that he must submit to the government a complete and truthful financial statement revealing all his assets and liabilities on a form provided by the government within thirty days of the date of the plea agreement.

The defendant was informed that the maximum possible penalty for Count One is twenty years imprisonment, a fine of $1,000,000, and a period of supervised release. The defendant

was informed that the maximum possible penalty for Count Two is fifteen years imprisonment, a fine of $125,000, and a period of supervised release. Further, the defendant was informed that parole has been abolished and that if he is sentenced to prison he will not be released on parole but on supervised release, a violation of which could result in additional incarceration. Finally, the defendant was informed that his assets might be subject to forfeiture.

The defendant was informed that under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued guidelines for judges to follow in determining the sentence in a criminal case. The defendant was then informed that, in light of the United States Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005), the Sentencing Guidelines are no longer mandatory, but the sentencing judge may apply them in an advisory fashion in determining a reasonable sentence. The defendant testified that he and his counsel had discussed how the Sentencing Guidelines might apply in his case. The defendant also testified that he understood that the court would not be able to determine the applicable guideline range, for advisory purposes, until after a presentence report has been prepared and both parties have been given an opportunity to challenge the reported facts and application of the Guidelines. He stated that he understood that the eventual sentence imposed may be different from any estimate his attorney had given him and that the court has the authority to impose a sentence that is either higher or lower than that called for by the Guidelines, so long as the sentence is not greater than the statutory maximum for the offenses to which the defendant is pleading guilty.

The defendant stated that he was aware that although sentencing decisions are within the discretion of the court, it is stipulated that for purposes of USSG §§ 2D1.1 and 1B1.3, he should be held responsible for between 300 and 400 grams of a substance containing a detectable amount of cocaine. Also, the defendant stated he agreed that USSG § 2D1.1(c)(9) with a base offense level of 22 was applicable to him. The defendant stated he also knew that pursuant to the Sentencing

Guidelines the sentencing judge could add or subtract up to four sentencing points to his sentencing level based upon his role in the offenses. The defendant stated he knew that it had been stipulated that his base offense level would be neither increased nor decreased based upon his role in the offenses. The defendant stated that he understood that the government is under no obligation to file a motion for substantial assistance, but that to the extent the government does exercise such discretion in this regard, he must provide such assistance in the manner set forth in the plea agreement. The defendant stated that he understood that, contingent upon his acceptance of responsibility and continued cooperation in the sentencing process, and fulfillment of his duties under the plea agreement, the government will recommend a two-level (2) reduction under USSG § 3E1.1(a), and because he meets the listed criteria, he should be granted an additional one-level (1) reduction under USSG § 3E1.1(b). The defendant was informed that if he fulfills his obligations under the plea agreement and accepts responsibility for his conduct, the government will recommend that he receive a sentence of incarceration at the low end of the applicable Sentencing Guidelines range. The defendant stated he understood that despite any recommendations made by the court, the location for service of any term of imprisonment is ultimately determined by the Bureau of Prisons.

The defendant acknowledged that he was waiving his right to have a jury determine beyond a reasonable doubt the facts alleged in Counts One and Two, including any facts related to sentencing. The defendant testified that he understood that he had the right to a trial by a jury, in addition to the following rights, which will be waived or given up if his guilty plea is accepted:

1. The right to plead not guilty to any offense charged against him;
2. The right at trial to be presumed innocent and to force the government to prove his guilt beyond a reasonable doubt;
3. The right of assistance of counsel at trial and in any subsequent appeal;
4. The right to see, hear and cross-examine witnesses;
5. The right to call witnesses to testify in his own behalf and to the issuance of subpoenas or compulsory process to compel the attendance of witnesses;
6. The right to decline to testify unless he voluntarily elects to do so in his own defense;

4

> 7. The right to a unanimous guilty verdict; and
> 8. The right to appeal a guilty verdict.

The defendant testified that he understood that under the terms of the agreement he was waiving rights to appeal or to collaterally attack his conviction or sentence. The defendant stated he was aware that the government had retained its right to appeal any sentence imposed below the applicable Sentencing Guidelines range or below the government's recommended sentence. The defendant also testified that he understood that if he is adjudged guilty of these charges, he may be deprived of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess a firearm.

The defendant acknowledged that he consented to the administrative forfeiture, official use and/or destruction of any illegal firearms or contraband seized by any law enforcement agency from his possession or from his direct or indirect control. The defendant acknowledged he knew that his assets may be subject to forfeiture, and that any forfeiture is proportionate to the degree and nature of the offenses he committed and does not raise any of the concerns addressed in *United States v. Austin*, 113 S.Ct. 2801 (1993). The defendant stated that he was waiving his right to raise the defense of the statute of limitations if for any reason the plea agreement is withdrawn or otherwise not consummated. The defendant also testified that he was waiving all rights under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a, to request or receive from any department or agency. The defendant testified that he understood that any information given by him during a proffer or cooperation would not be used against him to enhance his sentence pursuant to USSG § 1B1.8.

The defendant stated that he was fully satisfied with the advice and representation given to him in this case by his counsel. The defendant also stated that he believed his counsel's representation had been effective and that his attorney was doing a "good job." The defendant asked the court to accept his plea of guilty to Counts One and Two of the Indictment.

5

Case 3:07-cr-00027-NKM   Document 28   Filed 01/07/08   Page 5 of 7   Pageid#: 46

## THE GOVERNMENT'S EVIDENCE

The defendant had no objection to the government's Factual Summary. In open court, the government made an oral motion to seal the Factual Summary, on the basis that it contained information about a juvenile. The defendant did not object, and the motion was granted. The parties were informed that the document would remain sealed until the earliest of the following events: the court's standing order regarding sealed documents directed it be unsealed, or the presiding District Judge ordered the document be unsealed.

## FINDINGS OF FACT

Based on the evidence presented at the plea hearing, the undersigned now submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea;
2. The defendant is aware of the nature of the charges and the consequences of his plea;
3. The defendant knowingly and voluntarily entered a plea of guilty to Counts One and Two of the Indictment; and
4. The evidence presents an independent basis in fact containing each of the essential elements of the offenses to which the defendant is pleading guilty.

## RECOMMENDED DISPOSITION

Based upon the above findings of fact, the undersigned RECOMMENDS that the court accept the defendant's plea of guilty to Counts One and Two of the Indictment. The undersigned DIRECTS that a presentence report be prepared. A sentencing hearing hereby is scheduled for March 11, 2008 at 11:15 a.m. before the presiding District Judge in Charlottesville.

## NOTICE TO PARTIES

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C): Within ten

days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. The presiding District Judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The presiding District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The judge may also receive further evidence or recommit the matter to the undersigned with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 10 days could waive appellate review. At the conclusion of the 10-day period, the Clerk is directed to transmit the record in this matter to the presiding United States District Judge.

The Clerk is hereby directed to send certified copies of this Report and Recommendation to all counsel of record.

ENTERED: /s/ *[signature]*
United States Magistrate Judge

Date: January 7, 2008